**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 07-005S** |
| | ) | |
| **EUDY ANTONIO TEJADA PICHARDO** | ) | |
| **and** | ) | |
| **RICARDO MEJIA** | | |

**JOINT DEFENSE MOTION TO PRODUCE EXCULPATORY EVIDENCE**

Now come the defendants, by and through their counsel, and move this court to compel the government to produce exculpatory evidence, and specifically the following:

1. The precise spelling of the name and all known aliases of the informant identified only as a cooperating witness the government "may be calling" at trial in correspondence dated March 14, 2007;
2. To make a reasonable and duly diligent effort to contact all law enforcement agencies for whom the informant has worked, including DEA, ICE, ATF, FBI and all state and local agencies;
3. To advise defense counsel whether the informant has been subjected to random drug screening, and if so, the dates of screening and the results;
4. To produce a breakdown of all payments made to the informant, by date and law enforcement agency, rather than the "best estimate" provided in correspondence dated March 14, 2007;
5. To disclose the informant's non-DEA or law enforcement related employment from 2001 to the present date;
6. A copy of the agreement or agreements between the informant and DEA and/or other law enforcement agencies;
7. To determine whether the informant has filed tax returns reporting income provided by law enforcement, and if not, whether the informant is being prosecuted as a result of the failure to file said returns;
8. Any reports or misconduct or unsatisfactory performance by the informant know to the government or obtainable with the reasonable exercise of due diligence by the government prosecutor, including management reviews performed by the DEA Office of Inspections or other internal oversight agency;
9. To determine whether there is probable cause to believe that the informant has committed any offenses since his return to the United States, and if so, whether

a decision or decisions have been made to decline to prosecute;

10. The precise name and spelling of the second or "sub-informant" utilized by the government in this case, said sub-informant having been identified as someone the government "does not anticipate calling" as a witness in this case in correspondence dated March 14, 2007.
11. All known aliases of the sub-informant;
12. A copy of the agreement or agreements between the sub-informant and DEA and/or other law enforcement agencies;
13. Any reports of poor performance or misconduct by the sub-informant that is known by the government or that is reasonably available to the government with the exercise of due diligence;
14. The number or numbers and service provider of all telephones used by the sub-informant in connection with this case;
15. The name and all known aliases of the specific individual on whose behalf the sub-informant provided information, as well as the specific family relationship between the sub-informant and this individual e.g., husband, brother, father;
16. The caption and docket number of the case for which the sub-informant provided assistance;
17. The specific reason why the government maintains that the mandatory minimum sentence did not apply;
18. Any other material which might reasonably tend to undermine the credibility of the informant or the sub-informant;

The defendant relies on the accompanying memorandum in support of this motion.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (fascimile)
Tbriodylaw@aol.com

/s/ Mary S. McElroy
R.I. Bar no. 4830
Assistant Federal Defender
10 Weybosset Street
Suite 300
Providence, RI 02903
(401) 528-4281
mary_mcelroy@fd.org

## CERTIFICATION

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on March 16, 2007.

/s/ Thomas G. Briody

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 07-005S** |
| | ) | |
| **EUDY ANTONIO TEJADA PICHARDO** | ) | |
| **and** | ) | |
| **RICARDO MEJIA** | | |

---

**MEMORANDUM IN SUPPORT OF**
**JOINT DEFENSE MOTION TO**
**PRODUCE EXCULPATORY**
**EVIDENCE**

As this court is aware, the defendants have previously moved for disclosure of the identity or identities of informants. The motion was filed after several written requests to the government failed to produce a meaningful response. On March 13, at a pre-trial conference, the government for the first time disclosed the identity of one informant ("primary informant"); the government demurred when the court inquired about the issue of whether a female identified in police reports as Marie Perez was also acting as an informant or "sub-informant" in this matter.

On March 14, the government informally advised counsel for defendant Mejia that Ms. Perez was indeed also acting as an informant in this case. The government then mailed a letter to defense counsel which was not received until the afternoon of March 15. In the letter, the government discloses that two unidentified individuals acted as informants in this case. The government also provides some information about the informant's background, but on the whole the letter is ambiguous and vague. The letter does not identify the case in which the primary informant was involved. The letter provides a broad "estimate" of the amount of compensation

provided to the primary informant. The letter also indicated that it was unaware of any narcotic use by the primary informant, but that it will "make the appropriate inquiries."

With regard to the sub-informant, the government notes that she provided information on behalf of a family member facing a serious drug charge in federal court. The letter does not identify the family member, nor the relationship between the family member and the sub-informant. The letter does not identify the case or the jurisdiction in which the family member was facing charges. While the letter does indicate that the government sought a two level downward departure, it does not identify the sentence imposed. While the defendant appeared to be facing a mandatory minimum sentence for trafficking in narcotics, the government letter states that a mandatory minimum sentence did not apply "for unrelated reasons."

The defendants respectfully submit that the government's response is inadequate. The government's March 14 letter leaves the defendants with more questions than answers. Accordingly, the defendants seek information that will permit them to meaningfully investigate the background of the informants and to explore viable defenses.

At least one potential affirmative defense that must be explored in this case is whether the defendants were entrapped. Full and complete discovery and production of exculpatory evidence is essential to any entrapment case. See United States v. Joost, 92 F.3d 7 (1st Cir. 1996) (noting that "devil is in the details" in determining whether entrapment instruction is appropriate). Informant credibility is a critical issue in cases where entrapment is raised as a defense. See United States v. Acosta, 67 F.3d 334 (1st Cir. 1995) (noting that in a dual role as investigator and witness, informants have a special capacity to tilt evidence in their favor, and government should devise restrictions to lessen the potential for abuse of the informant's power).

The instant case brings to light the role of "sub-informants" by DEA. While this practice

is, upon information and belief, relatively new to this district, it is well known in other jurisdictions. Sub-informants, or third party informants, are used to make the initial contact with a potential defendant, and then hand the defendant off to a primary informant at or near the time of the "sting" or arrest. By using a sub-informant, government agents insulate the primary informant from allegations of entrapment or misconduct. On some occasions, the defendant does not know that the sub-informant is working for the authorities, even after his arrest. Such is the case here, where the defendants were unaware of Ms. Perez's status as an informant. Indeed, judging from the discovery produced to the defendants, they would never have known of Ms. Perez's status had they not moved for disclosure of all informants in this case; the police and DEA reports identify only one informant, and suggest that defendant Tejada identified Ms. Perez as an "innocent" party.

The practice utilizing sub-informants is somewhat controversial, and has led to the dismissal of charges as a sanction for government failure to make discovery. See United States v. Alvarez, 317 F.Supp.2d 1163 (C.D. Cal. 2004). Here, it is unclear when Ms. Perez became an informant. The details of her training or any agreement she made with the government are unknown. The defendants are seeking information about her history of service to DEA, and details that will assist in an investigation of her history of contact with the defendants. These details are relevant to determine whether she brought pressure to bear on the defendants in an effort to save or minimize the punishment of a family member. Since the United States has adopted the practice of using sub-informants in Rhode Island and Massachusetts, the defendants should be entitled to the same sort of discovery sought in Alvarez, in order to assure a fair discovery and trial process.

In light of the foregoing, defendants ask that this motion be granted.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (fascimile)
Tbriodylaw@aol.com

/s/ Mary S. McElroy
R.I. Bar no. 4830
Assistant Federal Defender
10 Weybosset Street
Suite 300
Providence, RI 02903
(401) 528-4281
mary_mcelroy@fd.org

**CERTIFICATION**

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on March 16, 2007.

/s/ Thomas G. Briody