**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

# MOTION TO SUPPRESS STATEMENTS OF EUDY TEJADA-PICHARDO

Now comes the defendant, Eudy Tejada-Pichardo, and moves this honorable court to enter an order suppressing any statements made by the defendant following his arrest. As grounds, Mr. Tejada submits that his waiver of rights was not made knowingly and intelligently, nor voluntarily. Mr. Tejada submits the accompanying memorandum in support of this motion.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on June 12, 2007.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SUPPRESS STATEMENTS**
**OF EUDY TEJADA-PICHARDO**

Eudy Tejada-Pichardo is a citizen of the Dominican Republic. Before his arrest in this case, he was living in Lawrence, Massachusetts under the name Enoc Soto. Mr. Tejada does not speak English.

On December 18, 2006, Mr. Tejada came to Rhode Island at the request of a woman who wanted to sell cocaine. The woman had arranged the sale of cocaine to a man named "Jose." Mr. Tejada did not know that "Jose" was an experienced informant and convicted drug trafficker. He also did not know that the woman was also an informant, working for the DEA in order to obtain a more favorable sentence for a family member who had been convicted of drug trafficking. Shortly after arriving in Providence, Mr. Tejada was arrested, along with codefendant Ricardo Mejia and the woman they accompanied.

According to DEA summaries, Mr. Tejada was transported to the Providence Police Station, and then interrogated. At some point in this process, he was given a Spanish language "rights" form. The form contained a Spanish language translation of

Miranda warnings. Mr. Tejada apparently signed the name "Enoc Soto" to the form and placed alternating initials next to each phrase. Thereafter, according to a DEA summary, he provided statements to the police. A Providence Police officer named Perez translated Mr. Tejada's statements. The interrogation was not recorded. Mr. Tejada did not review any remarks he allegedly made, nor did he sign any other documents affirming the veracity of the DEA's recollection of his remarks.

The DEA summary indicates that Mr. Tejada was told that one of the people involved in the alleged drug sale—a man named Jose—was a DEA informant. The DEA summary indicates that Mr. Tejada made incriminating statements upon learning that Jose worked for the government. The summary further indicates that the woman was interviewed and released, and notes that Mr. Tejada said the woman was not involved in the drug sale, and knew nothing about a firearm seized from her car.

**ARGUMENT**

A defendant facing custodial interrogation by police is entitled to the protections of Miranda v. Arizona, 383 U.S. 436 (1966). Miranda provides that persons facing custodial questioning receive warnings that they have the right to remain silent, that anything said may be used against them in legal proceedings, that they have the right to the presence of an attorney and that an attorney will be provided without charge if they cannot afford counsel. Dickerson v. United States, 530 U.S. 428, 435 (2000) citing Miranda, 384 U.S. at 479.

Where the government seeks to admit a defendant's custodial interrogation responses at trial, it must establish that the defendant waived his Miranda warnings. This requires a two step inquiry: the waiver must be voluntary, and it must be knowing and

intelligent. United States v. Bezanson-Perkins, 390 F.3d 34, 39 (1st Cir. 2004). A waiver is voluntary when it is the product of a free and deliberate choice rather than intimidation, coercion, or deception. Id. The waiver is knowing and intelligent when made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Id. Validity of a waiver is judged based on the totality of the circumstances. Id. Merely asking the accused whether he understands his rights does not satisfy the duties of the interrogating officer, nor does it render the statements of an accused admissible. United States v. Porter, 764 F.2d 1, 5 (1st Cir. 1985). The interrogating officer must go further, and ensure that the accused, knowing his rights, voluntarily relinquishes them. Id., citing United States v. Christian, 571 F.2d 64 (1st Cir. 1978).

In this case, the government bears the burden of proving that Mr. Tejada understood his rights, and then made a valid waiver of his rights. Mr. Tejada's statements alone do not create a presumption that he waived his constitutional protections. Government agents, who used tape recording devices as part of their investigation, have failed to record the waiver proceedings and the statements allegedly made by Mr. Tejada. This court should not presume that the agents or that the interrogation complied with constitutional standards.

For these reasons, Mr. Tejada asks this court to suppress all statements following his arrest on December 18, 2006.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on June 12, 2007.

/s/Thomas G. Briody