IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CR-07-005S |
| | : | |
| EUDY TEJADA-PICHARDO, a/k/a | : | |
| Enoc Soto, and | : | |
| RICARDO MEJIA | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT TEJADA'S POST-HEARING MEMORANDUM IN SUPPORT OF HIS MOTION TO SUPPRESS STATEMENTS

Defendant Tejada claims that the police did not obtain a valid waiver of his Fifth Amendment rights and that his statements were therefore involuntary. Further, Tejada claims that his statements were the product of coercive deception and were therefore involuntary. He is wrong.

The Court has had the benefit of hearing the testimony provided at the initial suppression hearing. The government stands on its original recitation of the facts as it appears in the government's response to defendant's motion. In addition, the government would ask the Court to recall that both defendants were advised of their Miranda rights in Spanish on the scene and both were told, in essence, that they shouldn't speak until all had arrived at the station. Once at the station, they were read their rights in Spanish for the second time. During this rights advice, Providence Police Detective Andre Perez presented defendants with a Spanish rights waiver form. He asked the defendants if they could read and they replied that they could. Detective Perez nonetheless read to the defendants each numbered statement of the waiver form.

Defendants were asked to initial after each statement if they understood and they initialed and signed the waiver form. They then voluntarily answered questions and made admissions.

**ARGUMENT**

Defendant Voluntarily Waived His Right To Remain Silent

A defendant's waiver of his rights need not be expressly made, either orally or in writing, to be voluntary. Defendant cites no case-law or statute, and the government is unaware of any case-law or statute, which requires a government agent to expressly ask any defendant "Do you now wish to waiver your rights" or to use words to that effect. Once a defendant has been read his rights pursuant to Miranda and has acknowledged them, if he then chooses to answer an officer's questions, that act constitutes the waiver. As the First Circuit stated in Bui v. DiPaolo, 170 F.3d 232, 240 (1st Cir. 1999) in relevant part:

> In North Carolina v. Butler, 441 U.S. 369, 373 . . . (1979), the Court made it pellucid that an express statement is not invariably necessary to support a finding that the defendant waived either the right to remain silent or the right to counsel. We, too, have employed this implied waiver doctrine, see United States v. Garcia 983 F.2d 1160, 1169 (1st Cir. 1993) . . .

A voluntary waiver of Fifth Amendment rights is a question of fact and may be implied from all of the circumstances.

> Precisely when waiver may be implied depends on the circumstances. Even so, there are certain types of cases in which courts routinely conclude that a defendant who has professed an understanding of his right to remain silent has waived that right. For example, . . . a waiver of Miranda rights also may be implied when, after having received Miranda warnings, a criminal defendant responds selectively to questions posed to him. See United States v. Soliz, 129 F.3d 499, 503 (9th Cir. 1997); United States v. Eaton, 890 F.2d 511, 513-14 (1st Cir. 1989) (Breyer, J.); United States v. Chong, 829 F.2d 1572, 1574 (11th Cir. 1987).

Id. at 240. Here, Tejada was advised of his rights, indicated he understood them by initialing each right, signing the form, and then answering the officer's questions. Nothing in Miranda or its progeny requires more.

Defendant's reliance upon the holding in United States v. Porter, 764 F.2d 1, 5 (1st Cir. 1985) is misplaced. In Porter, the defendant had asked to call and did, indeed, call his attorney before any questioning took place. The First Circuit was thus dealing with a situation far different than the one presented here. In Porter, the Court's concern was what needed to be done to question a defendant who had invoked his right to counsel. No such invocation took place in this case. The holding in Porter provides this defendant with no relief.

Tejada also relies in part on the holding in United States v. Christian, 571 F. 2d 64 (1st Cir. 1975) to support his argument that he did not explicitly waive his rights, even if he understood them. The facts in Christian, however, are different from those in the present case. In Christian, the defendant initialed only the top of the form presented to him by the FBI, instead of signing the bottom on the signature line. The Court found that "[p]lacing his signature above the waiver was a clear indication that he understood his rights and was choosing to stand on them rather than waive them." Id. at 69.

Here, in contrast to holdings in both Porter and Christian, the facts indicate that Tejada understood his rights and voluntarily waived them. The defendant was read his Miranda rights in Spanish at the scene of the arrest and police told defendant to remain silent until they reached the police station. At the police station, defendant was again read his rights in Spanish, and presented with a form outlining his Miranda rights in

Spanish. Defendant initialed each line of the form. It is reasonable to infer from the evidence that Tejada understood his rights and agreed to waive them.

Defendant Was Not Coerced

Tejada argues that the arrest of Ms. Perez and the appearance of Ms. Perez in custody were improper and amount to coercive conduct. Defendant bases this argument on the presumption that police were aware of a romantic relationship between he and Ms. Perez. He then contends that any statements made by him were made in order to exculpate Ms. Perez. His argument carries no weight.

An admission is considered voluntary unless the "will of the defendant was overborne so that the statement was not his free and voluntary act." United States v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990). Further, a dispute as to the voluntariness of an admission must be considered in light of "the totality of the circumstances." Id. at 241. See also United States v. Coraine, 198 F.3d 306, 309 (1st Cir. 1999) ("to be effective, a person's consent to a search must be freely and voluntarily given"); U.S. v. Byram 145 F.3d 405, 408 (1st Cir. 1998) (confessions deemed involuntary only if they are obtained by coercive official tactics) (citing Colorado v. Connelly, 479 U.S. 157, 167 (1986)). Factors to be considered in determining voluntariness include "age, education, experience, intelligence, and knowledge of the right to withhold consent." Coraine, 198 F.3d at 309. See also United States v. Barnett, 989 F.2d 546, 555 (1st Cir. 1993), cert denied, 510 U.S. 850 (1993).

Whether police conduct during an interrogation amounts to coercion is a question of fact and is to be determined according to the circumstances of each case. Byram, 145 F.3d at 408.

> But trickery is not automatically coercion. Indeed, the police commonly engage in such ruses as suggesting to a suspect that a confederate has just confessed or that police have or will secure physical evidence against the suspect. While the line between ruse and coercion is sometimes blurred, confessions procured by deceits have been held voluntary in a number of situations.

Id. (citing Frazier v. Cupp, 394 U.S. 731, 739 (1969) (confession obtained by false statement that co-conspirator had confessed)). The Supreme Court's holding in Colorado v. Connelly, 479 U.S. 157, 167 (1986), limited successful challenges to voluntariness to those admissions obtained by "coercive official tactics." In Connelly, the Court held that even assuming that the defendant suffered from an impaired mental condition, "absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." Id. at 164.

The Court has stated that "the police cannot be penalized for a proper arrest, merely because the arrest serendipitously induces someone else to confess." Johnson v. Trigg, 28 F.3d 639, 644 (1st Cir. 1994). Here as in Trigg, despite the fact that the arrest of another may have contributed to his confession, the Court found that if "the arrest was bona fide and not a pretext intended to extract a confession" it would not be justified in suppressing the confession. Id. at 644. See also Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001), cert. denied, 122 S.Ct. 2625 (2002) (threat to prosecute defendant's girlfriend for her admitted participation in the offense did not render statements made by the defendant the product of coercion). In Jackson, the defendant claimed that police coerced his confession by informing him that his sister had also been arrested for her involvement in the offense. However, the Court ruled that "even [assuming] police did use an implied threat or promise that [defendant's] sister would be caused or spared

harm, depending on whether [defendant] admitted to ownership of the firearm, we still could not conclude that his will was overborne." Jackson, 918 F.2d at 242.

The tactics used here simply are not of the degree that the law deems coercive. Ms. Perez was not apparently arrested in order to induce anyone to confess but, rather, to protect her. Therefore, defendant Tejada's argument that his statements were the product of police coercion have no merit.

**CONCLUSION**

Defendant's motion to suppress statements should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION OF SERVICE

On this 16th day of July, 2007, I caused the Government's Response To Defendant Tejada's Post-Hearing Memorandum In Support Of His Motion To Suppress Statements to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Thomas Briody, Esquire
The Remington Building
91 Friendship Street, Third Floor
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov