**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

# MOTION IN LIMINE CONCERNING 404(b) EVIDENCE

Now comes the defendant, Eudy Tejada, by and through counsel, and moves this honorable court to enter an order precluding the government from admitting any evidence of prior bad acts of the defendant at trial, and from mentioning such alleged acts in opening statement or summation. As grounds for this motion, the defendant notes that the government has served notice of its intention to introduce evidence that the defendant allegedly sold a small amount of drugs near a school in Lawrence, Massachusetts in August, 2005. The defendant concedes he was arrested on that date, but the charges against him were dismissed.

The defendant relies on the accompanying memorandum in support of this motion.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on August , 2007.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE CONCERNING 404(b) EVIDENCE**

Eudy Tejada is charged with possession of cocaine with intent to deliver. On March 21, 2007, Mr. Tejada's counsel wrote to the prosecutor and asked, pursuant to Fed. R. Evid. 404 (b) to be provided with "any information you have concerning other crimes, wrongs or acts allegedly committed by my client that you seek to admit at trial." On April 23, the government filed notice that it intends to introduce evidence that "[o]n August 17, 2005, the defendant, Eudy Antonio Tejada-Pichardo, a/k/a Enoc Soto, conspired with Socretes Dominguez, Eduardo Galva and others to distribute crack cocaine. On that day, the defendant sold $100 worth of crack cocaine within 1,000 feet of Tarbox Elementary School in Lawrence, Massachusetts." The government offered no other details pertaining to this notice.

According to the criminal record provided to defense counsel by the office of probation, the defendant was arrested on August 17, 2005 by the Lawrence Police and charged with distributing a Class B drug, and committing a drug violation near a school or park. On May 23, 2006, the charges were dismissed. Mr. Tejada has no other criminal history.

Fed. R. Evid. 404(b) provides that evidence of a defendant's prior bad acts is not admissible to prove his or her "criminal character or propensity to commit similar crimes." United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001). In order to be admissible, the rule requires that the government show that its evidence is specially probative of an issue in the case, such as intent or knowledge, without including bad character or propensity as a necessary link in the inferential chain. United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). In entrapment cases, acts that bear on a defendant's predisposition to engage in criminal conduct may be highly probative. Houle, at 77, United States v. Mazza, 792 F.2d 1210, 1223 (1st Cir. 1986).

Here, Mr. Tejada is likely to raise an entrapment defense. Regardless of whether he raises this defense, the government's proffered 404(b) evidence should not be admitted. The government is seeking to introduce evidence that Mr. Tejada sold a small amount of crack cocaine outside a school. This evidence is of limited probative value in assessing whether Mr. Tejada had intent to engage in a large scale transaction (approximately 2 kilos) of powdered cocaine. Regardless, the government seeks to introduce evidence of a crime for which Mr. Tejada was not convicted. Introduction of such evidence will force Mr. Tejada to defend himself against two separate charges. The government has provided nothing to the defendant by way of detail concerning this other charge. There is simply insufficient basis to support the introduction of unproven allegations.

The potential for unfair prejudice to Mr. Tejada is quite great. He cannot receive a fair trial if the government is permitted to introduce unsupported drug charges. For

these reasons, the defendant asks this court to order the government to refrain from making any mention of these allegations before the jury.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on August , 2007.

/s/Thomas G. Briody