**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **CR 07-005S** |
| **EUDY TEJADA-PICHARDO a/k/a** | : | |
| **Enoc Soto and** | : | |
| **RICARDO MEJIA** | : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO STRIKE**

Defendant Tejada moves to strike his alias from the indictment and to preclude the government from introducing evidence of his use of an alias. The Court should deny the defendant's motion because his use of an alias proves his consciousness of guilt, he wrote the alias upon his rights form, which is evidence that will be introduced at trial, and his use of an alias undermines his credibility.

**FACTS**

During the investigation of this case, Task Force Agent (TFA) Michael Naylor learned that a man named "Eudy" (LNU) was dealing cocaine and using the name "Enoc Soto." TFA Naylor also learned that the defendant's car was registered in the name of "Enoc Soto." As the investigation progressed, TFA Naylor used a confidential informant to purchase cocaine from the defendant. When the defendant delivered the cocaine to the informant, he was arrested.

The night of his arrest, Defendant Tejada told TFA Naylor and Detective Andre Perez that his name was "Enoc Soto." He also

had false identification in the name of "Enoc Soto" on his person. The defendant signed, "Enoc Soto," on his rights form prior to his interview, and he used the name of "Enoc Soto" when interviewed by the probation officer, Maureen Bradley.

Sometime after his arraignment, defense counsel informed the government of the defendant's real name and asked whether the government intended to bring additional charges against the defendant. The government informed defense counsel that it would not. Defendant now asks the Court to strike his alias from the indictment and preclude the government from using evidence of his alias at trial.

**ARGUMENT**

A defendant's use of an alias, like a defendant's fugitive status, is admissible evidence of the defendant's consciousness of guilt. See United States v. Wallace, 461 F.3d 15, 25-26 (1st Cir. 2006); United States v. Levy-Cordero, 67 F.3d 1002, 1011 (1st Cir. 1995); see also United States v. Vega-Molina, 407 F.3d 511, 530 (1st Cir. 2005) ("Consciousness of guilt evidence is generally admissible in a criminal case."); United States v. Gilbert, 229 F.3d 15, 26 (1st Cir. 2000).

In Wallace, 461 F.3d at 26, the First Circuit affirmed the district court's decision to admit evidence of the defendant's use of an alias. The Court agreed that the defendant's use of an alias was relevant consciousness of guilt evidence, even though

there was an alternative explanation for the defendant's use of an alias. See id. (allowing evidence of an alias even though the defendant had been using the alias prior to commission of the pending offense, and arguably could have been using the alias to avoid detection in other criminal matters already pending at the time of the commission of the pending offense).

In United States v. Montas, 41 F.3d 775, 784 (1st Cir. 1994), the First Circuit recognized that drug smugglers use false names to avoid detection by law enforcement. In fact, the Court concluded that it was so obvious that aliases are used by drug dealers to avoid detection that this fact was on the "very margin of" what is proper expert testimony. Id. ("We believe that an average juror can assess intelligently whether an inference of guilt should be drawn from defendant's travelling (sic) under the name of "P.Felix" without expert testimony that airline drug smugglers check their bags and buy their tickets under false names to avoid detection.").

In this case, the defendant's use of an alias is evidence of his consciousness of guilt. It is common in the narcotics world for a drug dealer to use an alias to preclude law enforcement and other drug dealers from identifying him. For example, when a vehicle is registered in a false name, as was the case here, law enforcement has greater difficulty identifying a suspect. The use of a vehicle registered under an alias serves much the same

purpose as the use of a rental vehicle, another common technique used to evade law enforcement and limit law enforcement's ability to access information necessary for building an investigation. Thus, the fact that the defendant used an alias is itself evidence that he is a drug dealer.

Aside from proving the defendant's consciousness of guilt, the defendant's use of an alias in this case will be before the jury as they evaluate whether he confessed and the circumstances under which he made the incriminating statements. See First Circuit Pattern Criminal Jury Instruction 2.11. The defendant signed his rights form, "Enoc Soto," and the rights form is evidence the government intends to introduce to prove that the defendant's confession was voluntary.

Finally, the defendant's use of an alias is probative of his truthfulness. TFA Naylor and Detective Perez testified at the suppression hearing that the defendant was initially evasive with law enforcement. Thus, his truthfulness is at issue. See Fed. R. Evid. 806 (Attacking and Supporting Credibility of Declarant). Also, it is the government's understanding that the defendant will raise the defense of entrapment. Thus, it is likely that he will testify in which case his truthfulness becomes particularly important.

## CONCLUSION

For the foregoing reasons, the Court should allow the government to introduce evidence that the defendant used an alias because such evidence is probative of his guilt, will be before the jury as they view government exhibit 19, the rights form, and is relevant to the jury's determination of the defendant's credibility.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On August 8, 2007, I caused the within "Government's Response to Defendant's Motion to Strike" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov