IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 07-05-01S |
| | : | |
| EUDY ANTONIO TEJADA-PICHARDO | : | |
| a/k/a Enoc Soto | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The defendant filed a motion in limine to exclude evidence of the defendant's prior drug dealing. The government maintains that such evidence is probative of the defendant's knowledge, intent, and motive to distribute the cocaine seized on December 18, 2006. Additionally, the defendant intends to raise the defense of entrapment. Should the defendant meet his burden, see United States v. Reed, 977 F.2d 14, 18 (1st Cir. 1992), then the government will be required to prove that the defendant was predisposed to distribute cocaine. The defendant's prior drug dealing is especially probative of his predisposition to commit the charged crimes.

FACTS

The defendant's motion was filed in response to the government's notice that it would seek to introduce the following evidence:

> On August 17, 2005, the defendant, Eudy Antonio Tejada-Pichardo a/k/a Enoc Soto, conspired with Socretes Dominguez, Eduardo Galva, and others to distribute crack cocaine. On that

day, the defendant sold $100 worth of crack cocaine within 1,000 feet of Tarbox Elementary School in Lawrence, Massachusetts. The defendant used the alias of Enoc Soto.

LAW

Fed. R. Evid. 404(b) is a rule of inclusion not exclusion. See United States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984). In the First Circuit, evidence of prior narcotics involvement is often admissible pursuant to Fed. R. Evid. 404(b) to prove knowledge and intent in a drug trafficking case. See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Garcia, 983 F.2d 1160, 1173 (1st Cir. 1993) (admitting evidence of a prior arrest for cocaine dealing in a trial involving a charge of possession with the intent to distribute); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (admitting the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants); United States v. Rubio-Estrada, 857 F.2d 845, 848-49 (1st Cir. 1988) (admitting evidence of a prior drug conviction).

The determination of when such prior bad act evidence is admissible involves a two step inquiry: (1) whether the evidence

is especially probative of an issue in the case such as knowledge or intent without including propensity as a necessary link in the inferential chain, and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. See United States v. Houle, 237 F.3d 71, 77 (1st Cir. 2001); Garcia, 983 F.2d at 1172.

By entering a plea of not guilty, a defendant in a narcotics case places his intent at issue. See Garcia, 983 F.2d at 1175 (absent a sufficient stipulation by the defendant, knowledge and intent remain at issue); United States v. Ferrer-Cruz, 899 F.2d 135, 138-39 (1st Cir. 1990) (defendant's mere presence defense placed his knowledge and intent at issue); Houle, 237 F.3d at 77 & n.2 (plea of not guilty in a conspiracy case renders the defendant's intent a material issue); Zeuli, 725 F.2d at 816 (same). When the defendant raises the defense of entrapment, as is the case here, "prior bad acts relevant to a defendant's predisposition to commit a crime are highly probative . . . ." United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002) (admitting evidence of uncharged bad acts to show defendant's predisposition when defendant raised the defense of entrapment); United States v. Franco, 484 F.3d 347, 352 (6th Cir. 2007) (admitting evidence of prior, uncharged drug deals under Fed. R. Evid. 404(a) when an entrapment defense is raised); United States v. Coleman, 284 F.3d 892, 894 (8th Cir. 2002) (allowing evidence

of an uncharged sale of crack cocaine to show the defendant's predisposition to distribute drugs because the defendant claimed a defense of entrapment); United States v. Higham, 98 F.3d 285, 292 (7th Cir. 1996); United States v. Zanabria, 74 F.3d 590, 592 & n. 4 (5th Cir. 1996).

ARGUMENT

In this case, the defendant has placed his knowledge, intent and motive at issue. He does not dispute that two kilograms of cocaine were hidden within a suitcase that he transferred to the cooperator. Instead, he appears to be asserting an entrapment defense arguing that the female cooperator was his girlfriend and coerced him into participating in the drug deal.

"The affirmative defense of entrapment has two related elements: (1) government inducement of the crime, and (2) a lack of predisposition on the part of the defendant. . . . Once the defendant has established that he was induced to commit the crime, the government must prove beyond a reasonable doubt that defendant was predisposed to commit the crime." Reed, 977 F.2d at 18 (citations omitted). The defendant's prior sale of crack cocaine under the alias of Enoc Soto is evidence of his predisposition to distribute cocaine in this case.

Should the defendant take a different tactic and claim a lack of knowledge, evidence of the defendant's prior involvement in the narcotics world is useful in explaining not only the

manner in which this crime was committed but the use of certain narcotics related equipment. For example, an individual with narcotics experience would understand "code" and the significance of the drug ledgers seized from the defendant's vehicle. See Rubio-Estrada, 857 F.2d at 849-48 (a person previously convicted of cocaine distribution is more likely than one not so convicted to know the significance of scales, ledgers, powder, and cash).

For all of the reasons stated, the probative value of the defendant's prior bad act is significant given the factual issues in dispute. "[S]uch evidence should be excluded under Rule 403 only when its probative value is substantially outweighed by its potential unfairly to prejudice the defendant." United States v. Landrau-Lopez, 444 F.3d 19, 24 (1st Cir. 2006). Because the narcotics arrest in question refutes the central issue in the case, its probative value is not outweighed by any danger of prejudice.

Furthermore, any danger of prejudice can be addressed by the Court in its instructions to the jury diminishing the likelihood that the jury would misuse the evidence. See Hadfield, 918 F.2d at 995 (considering the district court's jury instructions in weighing the potential prejudice of the defendant's prior convictions); Garcia, 983 F.2d at 1173 (recognizing that 404(b) covers prior acts as well as convictions and finding that the probative value of the prior drug arrest was not substantially

outweighed by the prejudice of such evidence, especially in light of the district court's limiting instructions).

CONCLUSION

Based on the foregoing, the government respectfully requests that the Court allow the government to introduce evidence of the defendant's prior sale of crack cocaine.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On August 14, 2007, I caused the within "Government's Response to Defendant's Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov