**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

# MOTION TO SEVER

Now comes the defendant, Eudy Tejada, by and through counsel, and moves this honorable court to enter an order severing his trial from that of his codefendant, Ricardo Mejia. Mr. Tejada cites antagonistic defenses as grounds for this motion, and relies on the accompanying memorandum in support of this motion.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on September 17, 2007.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MEMORANDUM IN SUPPORT OF**
**MOTION TO SEVER**

Eudy Tejada and Ricardo Mejia are charged with conspiracy to possess cocaine with intent to distribute, as well with substantive possession. Mr. Mejia is also charged with possessing a firearm in connection with a drug trafficking offense. Mr. Tejada faces no firearm charge. At trial, Mr. Tejada expects to offer a defense based on entrapment, and expects to identify Mr. Mejia as a person who located and brought cocaine to the scene of their arrest.

Mr. Mejia is expected to argue that he was merely present at the scene of Mr. Tejada's arrest, and did not participate in any alleged drug transaction. Following his arrest, Mr. Mejia gave a statement to DEA agents and police officers in which he said he obtained a firearm from Mr. Tejada, and was present at the scene of the purported delivery to provide "protection." The government conducted several tests of the drugs and firearms for fingerprints, but found nothing that can be attributed to either defendant. The government did find fingerprints that appear to belong to other, presently unidentified sources.

Recognizing the likelihood of an objection pursuant to Bruton v. United States, 391 U.S. 123 (1968), the government has indicated it will not elicit any reference to the source of the firearm or the alleged protection of Mr. Tejada. Mr. Majia's counsel, however, has advised that she intends to offer the full text of the Mejia statement in order to exculpate her client. This is plainly inconsistent with Mr. Tejada's entrapment defense. If the jury believes Mr. Mejia and his mere presence defense, it will be compelled to convict Tejada.[1] The two defenses offered by these codefendants are antagonistic, and warrant a severance. See United States v. Angiulo, 897 F.2d 1169, 1195 (1st Cir. 1990).

The need for severance "turns on the degree of conflict, and the extent to which the antagonism goes beyond mere fingerpointing into the realm of fundamental disagreement over core and basic facts. United States v. Luciano Pacheco, 794 F.2d 7, 9 (1st Cir. 1986). Here, the conflict is readily apparent: Mr. Tejada is expected to concede his role in the offense, and suggest that Mejia was the source of the drugs, while Mr. Mejia will claim he was a mere spectator, and had nothing to do with the delivery of any contraband. Further, Mr. Mejia's statement indicates that Mr. Tejada brought a gun to a drug transaction, a crime for which Mr. Tejada has not been charged. Admission of this statement is a clear Bruton violation, and creates substantial and unfair prejudice.

While district judges rightly may seek to conserve resources by trying defendants together, this case is not so long that two trials will cause unnecessary burden on the court. Trial of this case is expected to take less than a week. Under the circumstances, separate trials of the defendants are appropriate and just.

---

[1] Conversely, if the jury believes that Mr. Tejada was entrapped, it will be compelled to find against Mr. Mejia, since Mr. Tejada alleges that Mr. Mejia was the source of the contraband seized by the police.

For the reasons set forth herein, Mr. Tejada asks that this motion be granted.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on September 17, 2007.

/s/Thomas G. Briody