**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

## MOTION TO CONTINUE

Now comes the defendant, Eudy Tejada, by and through counsel, and moves this honorable court to continue proceedings in this case, presently scheduled for empanelment on October 2, and for trial on October 8, 2007, for a period of one month. The government does not object to this motion.

As grounds for this motion, counsel avers and states as follows:

1. On the morning of September 18, 2007, counsel appeared at a chambers conference/calendar call before this court.
2. Moments before the conference, the Assistant United States Attorney provided counsel for Mr. Tejada with two CD recordings. The AUSA characterized these recordings as Jencks material.
3. The AUSA further indicated that the recordings were of the female subinformant in this case.
4. Upon reviewing these recordings later on the 18th of September, counsel realized that the recordings involve discussion between TFA Michael Naylor and the female subinformant, and the discussion concerns the female subinformant's contact with Lisa Torres and John M. Cicilline.
5. In a subsequent telephone conversation with the AUSA, the government confirmed for the first time that the female subinformant is the wife of a man represented by John M. Cicilline.

6. The female subinformant can be heard on one of the recordings describing payment of a large sum of money to Ms. Torres and/or attorney Cicilline.

7. There is reference on the recordings to the manner in which the female subinformant was introduced to TFA Naylor. Specifically, it appears that Lisa Torres made contact with TFA Naylor, and that Ms. Torres and Mr. Naylor are very familiar with one another.

8. TFA Naylor warns the female subinformant on the recordings that Ms. Torres cannot be trusted.

9. The defendant views these recordings as containing exculpatory evidence, and is concerned with the delay in producing them to the defendant, particularly the first recording, which dates to January, 2007.

10. Defense counsel advised the government that he needs additional time to review this evidence, to conduct additional investigation, and to determine whether additional motions are necessary.

11. The AUSA advised defense counsel that she does not agree that the material contained in the recordings is exculpatory or relevant. She did acknowledge, however, that she would not object to a defense request to continue empanelment and trial.

12. Mr. Cicilline and Ms. Torres are charged with obstructing justice and encouraging a client's relatives to make false statements to federal officers in order to obtain a reduced sentence for a person facing federal prosecution in Massachusetts.

13. This court is already familiar with the allegations made in the Massachusetts indictment, and has characterized them as an alleged "attempt (apparently unknown to the government) to corrupt the federal criminal justice system in Massachusetts." Decision and Order, United States v. Mason, Cr. 06-106-02S, July 26, 2007, p. 2.

14. It is in the interests of justice to be sure that Mr. Tejada has a full and fair opportunity to investigate this new information.

15. Notwithstanding the government's view that the newly disclosed material is not exculpatory, the Supreme Court recognizes that "[t]he determination of

what may be useful to the defense can properly and effectively be made only by an advocate." Dennis v. United States, 384 U.S. 855, 875 (1966).

16. For these reasons, this motion should be granted. Counsel for Mr. Tejada acknowledges that the time incurred by this request for continuance is excludable for purposes of the Speedy Trial Act.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on September 19, 2007.

/s/Thomas G. Briody