**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR 07-005S** |
| | : | |
| **EUDY TEJADA-PICHARDO a/k/a** | : | |
| **Enoc Soto** | : | |

**<u>GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE THE OPINION TESTIMONY OF RETIRED POLICE OFFICER JOSEPH BROADMEADOW</u>**

On September 23, 2007, the government received notice that the defendant intends to elicit opinion testimony from retired police officer Joseph Broadmeadow. (Exhibit 1). Pursuant to Federal Rules of Evidence 402, 403, 702, and 704, the government moves to exclude the proposed opinion testimony of Joseph Broadmeadow because his opinions lack an adequate foundation, will not assist the trier of fact, are not outside the understanding of the average lay person, are not relevant, and are apt to confuse the issues and waste the jury's time.

**FACTS**

The defendant is charged with conspiring to distribute and possess with the intent to distribute 500 grams or more of cocaine and with possession with the intent to distribute 500 grams or more of cocaine. The defendant was charged with these offenses because on December 18, 2006, the defendant, assisted by Ricardo Mejia, delivered two kilograms of cocaine to an individual cooperating with the U.S. Drug Enforcement Administration. The defendant claims that he was entrapped by

the female informant, with whom he claims to be romantically involved, and that Mr. Mejia supplied the cocaine.

The defendant has indicated that he may call Mr. Broadmeadow to testify that the "police officers and DEA agents involved in this case made a series of mistakes in their handling of the informants." According to counsel's letter, Mr. Broadmeadow will also testify to the following opinions:

1) that the female informant was "inadequately supervised;"

2) that it was improper for the agents not to search the female informant prior to her contact with the defendant;

3) that the agents did not ensure that the female informant "understood that she could not unfairly entrap unwary individuals;"

4) that in his experience it is unusual to not obtain a single, identifiable print; and,

5) that in his experience "an alleged street dealer is not necessarily predisposed to engage in a five figure drug delivery."

**FEDERAL RULE OF EVIDENCE 702**

FRE 702 provides for the admission of expert testimony if the witness's specialized knowledge will assist the jury in understanding the evidence or determining a fact in issue and if the witness qualifies as an expert and has an opinion based upon a proper foundation. See generally United States v. Sebaggla,

256 F.3d 59, 65-66 (1st Cir. 2001). In deciding whether to admit the testimony, the trial judge must decide whether the expert testimony is relevant and helpful to the trier of fact. See United States v. Evans, 910 F.2d 790, 803 (11th Cir. 1990).

**MR. BROADMEADOW'S OPINION REGARDING THE LEVEL OF SUPERVISION**

In the case at hand, the defendant seeks to bolster his claim that the female informant entrapped him by offering Mr. Broadmeadow's testimony criticizing the agents' handling of the investigation. However, the presentation of expert testimony on the alleged inadequacy of the police investigation is not appropriate and is a subject matter more suitable for closing argument. See United States v. Mason, 719 F.2d 1485, 1490 (10th Cir. 1983); see also United States v. Washington, 106 F.3d 983, 1009 (D.C. Cir. 1997) (precluding a defendant, who claimed to be entrapped, from calling a law enforcement expert to testify regarding the quality of the sting operation used during the investigation); United States v. Manning, 79 F.3d 212, 218-19 (1st Cir. 1996) (refusing to appoint an expert to testify regarding the adequacy of the investigation); United States v. Hirschberg, 988 F.2d 1509, 1513-14 (7th Cir. 1993) (refusing to allow a Chicago detective to testify regarding the practices of a Florida detective); United States v. Rouco, 765 F.2d 983, 995 (11th Cir. 1985) (excluding expert testimony concerning the adequacy of the arrest procedure); United States v. Hadden, 217

F.3d 841, 2000 WL 992251 (4th Cir. 2000) (unpublished) (refusing to allow defense expert on police practices to testify to his opinion that the arrest in the reverse sting was premature); United States v. Borda, 178 F.3d 1286, 1999 WL 294540, at *10 (4th Cir. 1999) (unpublished) (excluding the testimony of an ex-police officer regarding the methods of targeting and apprehending drug traffickers).

In Manning, 79 F.3d at 218-19, the First Circuit affirmed the district court's denial of a request for expert services because, "expert testimony about whether or not a particular police act or omission was good police practice had the potential of confusing the jury and diverting its attention from its task of assessing the adequacy of the prosecution's evidence on the issue of guilt." While the First Circuit did not go so far as to hold that an expert on the adequacy of a police investigation is never necessary, the Court in affirming the denial of the indigent defendant's request for expert services, recognized that the alleged shortcomings of the police were peripheral to the defense and apt to confuse the jury. See id..

In Washington, 106 F.3d at 1008-09, the defendants, who were raising an entrapment defense to the charges arising from a drug sting, sought to introduce expert testimony from a police officer that the "design and implementation" of the sting operation created a "coercive environment." The district court refused to

allow this expert testimony regarding the alleged impropriety of the conversation and interaction between the undercover and the defendants because such matters were "well within the jurors' knowledge." Id.. The court explained that there was a risk that the jurors would substitute the expert's interpretation for their own. Id.. The court also refused to allow expert testimony regarding the inadequacy of the defendant police officers' training programs because such testimony was not relevant to the defendants' predisposition to commit the charged crimes. Id..

The same can be said with respect to the case at hand. The competency of the agents has no bearing on the central issue of this case, namely, the defendant's intent. The defendant claims that he was entrapped by the female informant, with whom he has asserted that he had a relationship. To even warrant an entrapment instruction, the defendant must establish that he was wrongfully induced to commit the crime and that he did not have a predisposition to engage in narcotics trafficking. See United States v. Ramos-Paulino, 488 F.3d 459, 462 (1st Cir. 2007). At this point, the burden shifts to the government to prove either that there was no improper inducement or that the defendant was predisposed. See United States v. Reed, 977 F.2d 14, 18 (1st Cir. 1992). Thus, the jury must decide whether there was improper inducement and whether the defendant was predisposed to engage in narcotics trafficking. Mr. Broadmeadow's opinion

regarding the quality of the investigation does not assist the jury in making this determination. See Rouco, 765 F.2d at 995 (expert testimony regarding the adequacy of the arrest procedures was irrelevant to the defendant's subjective intent and thus, would not assist the jury).

The defendant claims that Mr. Broadmeadow will criticize the agents' supervision of the informant. Yet, his criticism does not clarify an issue that the average lay person would struggle to understand. The jury can easily understand that an informant who is not accompanied by an undercover officer or surveilled by agents may have an opportunity to engage in improper inducement. See Sebaggala, 256 F.3d at 66 (refusing to allow a linguistics expert to testify regarding the defendant's linguistic aptitude because "common sense" supports the conclusion that jurors would understand that a defendant whose primary language is something other than English might have difficulty comprehending forms). Mr. Broadmeadow's opinion that the informant should have had more supervision, an opinion based upon as of yet unknown criteria[1], does not make it any more or less likely that the informant

[1] FRE 702 requires that the expert's opinion be based upon "reliable principles and methods" that the witness applies "reliably to the facts." The defendant's notice does not indicate upon what principles and methods Mr. Broadmeadow relies in reaching his conclusion that the agents in this case were incompetent.

engaged in improper inducement, nor does it explain a complex idea to the jury.

Finally, Mr. Broadmeadow's testimony may confuse the jury and divert the jury's attention from the task at hand. Mr. Broadmeadow's testimony is likely to make the trial about the competence of the agents, diverting the jury's attention from the real issue, the intent of the defendant. See Rouco, 765 F.2d at 995 (expert testimony regarding adequacy of arrest procedures would mislead the jury by creating the impression that the defendant's criminal responsibility was contingent upon the agent's conformity to standard arrest procedure).

**OPINION REGARDING FINGERPRINTS**

The defendant claims that Mr. Broadmeadow will testify that in his experience it is unusual to "fail to obtain a single identifiable print from a defendant in a case such as this one" and that BCI specialists are used because "the authorities expect to recover fingerprints for use against defendants." (Exhibit 1). The defense has not set forth the qualifications of Mr. Broadmeadow to express such an opinion, his basis of knowledge, or the data relied upon by him to express such an opinion. Cf. Hirschberg, 988 F.2d at 1514. Moreover, it is improper, speculative, and irrelevant for Mr. Broadmeadow to testify as to expectations of the DEA taskforce agents in this case.

## OPINION REGARDING PREDISPOSITION

The defendant also intends to call Mr. Broadmeadow to testify that it is unusual for a defendant to engage in a small, street level delivery and then a two kilogram delivery, or "[p]ut another way, an alleged street dealer is not necessarily predisposed to engage in a five figure drug delivery." (Exhibit 1).

This testimony is objectionable for two reasons. First, it is improper to allow any witness to testify regarding the defendant's intent or predisposition. See Fed. R. Evid. 704(b) ("No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."). Second, this opinion is not based upon sufficient facts or data since Mr. Broadmeadow has no knowledge of the defendant's activities between August 17, 2005, the date the defendant distributed crack cocaine, and December 18, 2006, the date the defendant distributed two kilograms of cocaine.

## CONCLUSION

Because his opinions lack an adequate foundation, will not assist the trier of fact, are not outside the understanding of

the average lay person, are not relevant, and are apt to confuse the issues and waste the jury's time, the government moves to exclude the testimony of retired police officer Joseph Broadmeadow from the trial in the above-captioned case.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000/Fax 5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On September 28, 2007, I caused the within "Government's Motion *In Limine*" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Law Offices of Thomas G. Briody
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

Ms. Mary McElroy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov