EXHIBIT 1

RECEIVED
SEP 2 3 2007
U.S. ATTORNEY
DISTRICT OF R.I.

**THOMAS G. BRIODY**
**ATTORNEY AT LAW**
**91 Friendship Street, Third Floor**
**Providence, RI 02903**

**Tel: (401) 751-5151**
**Fax: (401) 421-0876**

**E-mail: Tbriodylaw@aol.com**
**Website: www.briodylaw.com**

September 12, 2007

AUSA Sandra Beckner
United States Attorney's Office
Bank of America Center
Providence, RI 02903

***Re: USA v. Eudy Tejada and Ricardo Mejia***

Dear Ms. Beckner:

The purpose of this correspondence is to provide you with a discovery response pursuant to Rule 16.

At this time I am considering introducing photographs of certain locations in the area where my client lived in Massachusetts. I will let you know when a decision has been made.

The defense may call an expert in this case. Joseph Broadmeadow is a retired police officer. He served in the East Providence Police Department for 20 years. He served four years as a Captain and commanding officer of the Investigative Service Unit. He also served five years as an investigator in the narcotics unit, and five years as a supervisor in the narcotics unit. Mr. Broadmeadow has worked as an undercover officer for local, state and federal agencies. He has managed undercover operations involving the controlled purchase of narcotics, and has managed multi-jurisdictional cases involving wire intercepts. Mr. Broadmeadow has considerable experience in dealing with forensic evidence and with the use of informants and cooperating witnesses at the local, state and federal level.

Mr. Broadmeadow has reviewed the reports, transcripts and discovery materials associated with this case. He is expected to testify, based on his extensive training and experience, that the police officers and DEA agents involved in this case made a series of mistakes in their handling of the informants, and particularly the subinformant. In Mr. Broadmeadow's opinion, the subinformant was inadequately supervised in her contact with Mr. Tejada. The agents failed to monitor the subinformant or to search her prior to her contact with Mr. Tejada on the 18th of December. In addition, the agents failed to

properly assure that that the subinformant understood that she could not unfairly entrap unwary individuals such as Mr. Tejada.

Mr. Broadmeadow has knowledge and experience in the development and use of fingerprint evidence in narcotics investigations. Based on his experience handling large scale drug investigations, and after reviewing the discovery, he is prepared to testify that it is unusual to fail to obtain a single identifiable print from a defendant in a case such as this one. He is prepared to testify that the reason police use BCI specialists in cases such as this one is because the authorities expect to recover fingerprints for use against defendants.

Mr. Broadmeadow is also highly experienced in the structure of drug trafficking enterprises. In his experience, it is highly unusual for a person who may have engaged in a small, street level delivery to next engage in a two kilogram delivery. Put another way, an alleged street dealer is not necessarily predisposed to engage in a five figure drug delivery.

Please contact me if you have any questions.

Very truly yours,

Thomas G. Briody

TGB/mb