**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MOTION FOR COURT ORDER**
**COMPELLING PRODUCTION OF BILLING**
**INFORMATION PERTAINING TO THE FEMALE SUBINFORMANT**

Now comes the defendant, Eudy Tejada-Pichardo, and moves this honorable court to issue an order compelling the following:

1. Production of the Cingular Wireless cellular telephone number or numbers attributed to the female subinformant; and
2. authorization for issuance of a subpoena for all invoices for the period of November and December, 2006 for the Cingular Wireless telephone or telephones used by the female subinformant.

Mr. Tejada relies on the accompanying memorandum in support of this order.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on November 21, 2007.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MEMORANDUM IN SUPPORT OF MOTION FOR COURT ORDER COMPELLING PRODUCTION OF CELL SITE DATA INFORMATION PERTAINING TO THE FEMALE SUBINFORMANT**

On November 19, the court conducted an evidentiary hearing concerning the female subinformant's (FSI) contact with Lisa Torres. During that hearing, the FSI testified to her use of a personal cingular wireless telephone. The FSI was presented with evidence that she was in repeated telephone contact with Lisa Torres virtually everyday while working for the DEA. In particular, she was presented with evidence that on December 18, 2006, the date of the defendant's arrest, cell phone records revealed that phones used by the FSI were in telephone contact with phones attributed to Lisa Torres no less than 39 times. In the face of this evidence, the FSI conceded that she spoke to Ms. Torres only once, for the purpose of bringing Ms. Torres money. The FSI further testified that she did not have her personal Cingular Wireless cell phone with her on the evening of December 18, noting that she left the phone at home with a babysitter.

Defendant moved the court to order production of FSI's cellular telephone number. Defendant indicated that he wished to subpoena cellular telephone records, including tower records, in an effort to determine whether the FSI actually had her phone

with her while driving from Lawrence, Massachusetts to Providence, Rhode Island on the evening of December 18. The court directed the government to contact Cingular Wireless to determine whether the records existed, and then to produce them for ***in camera*** review. The court hearing adjourned at approximately 1:15 p.m.

At approximately 3:00 p.m., the AUSA contacted defense counsel for Mr. Tejada. The AUSA advised that she had spoken to a representative of Cingular Wireless and was told that the cell cite data records sought by the defendant did not exist or were otherwise unavailable. A letter confirming this statement was received on November 21, together with a document sent by Cingular Wireless. In communicating with the Cingular Wireless representative, counsel for co-defendant Mejia learned that invoices attributable to the FSI include roaming charges, which may indicate the general geographic location where a cellular phone call was placed or received.

The defendant has not been dilatory in this request. The government's late disclosure of the FSI's relationship with Lisa Torres caused the defendant to promptly file motions and to request an evidentiary hearing. The need for cell site data arose only after the testimony of the FSI. The data itself is of great significance, and at a minimum may be used to impeach the FSI's testimony at trial. The defendant has been deprived of the opportunity to obtain this data due to the government's late disclosure. In these circumstances, it is fair and reasonable for the court to permit the defendant to obtain the actual billing records/invoices, to determine whether any roaming charges applied to calls placed on the FSI's phone, or whether there is any other indication of where calls were made or received.

For all these reasons, and for those that may be offered at a hearing, this motion should be granted.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on November 21, 2007.

/s/Thomas G. Briody