**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Now comes the defendant Eudy Tejada-Pichardo, by and through his counsel, and submits the accompanying proposed jury instructions.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on November 27, 2007.

/s/Thomas G. Briody

**Entrapment**

In this matter, Mr. Tejada Pichardo has raised the defense of entrapment.

Entrapment has two elements. A defendant is entrapped where he is, first, improperly induced by the government or its agent to commit a crime and, second, the defendant otherwise lacked to predisposition to commit the crime.

Where entrapment is an issue before the jury, the government must prove beyond a reasonable doubt that the defendant was not entrapped. That is, it must prove that the defendant was not improperly induced, or it must prove that the defendant was predisposed to commit the offense.

United States v. Walter, 434 F.3d 30, 37(1st Cir. 2006)
United States v. Gamache, 156 F.3d 1, 9 (1st Cir. 1998)

**Informants- Government Agents**

You have heard testimony that (insert name of primary informant) and (insert name of female subinformant) are cooperating witnesses or informants. I instruct you as a matter of law that both of these individuals are government agents, even though they are not police officers.

Sherman v. United States, 356 U.S. 369, 373-375 (1958), cited in United States v. Luisi, 482 F.3d. 43(1st Cir. 2007) (It is "beyond dispute" that an individual hired or otherwise enlisted by the government for work as in informant is a government agent for entrapment purposes.)

**Inducement**

What is improper government inducement? It is what occurs when the governmental deception or instigation actually implants the criminal design in the defendant's mind. While there is no clear formula or definition of improper inducement, it may include persuasion, false statements, or other governmental conduct that creates a risk of causing an otherwise unwilling person to commit the crime charged.

A "sting" operation is not improper inducement if it merely provides an opportunity to commit a crime. But where there is proof of an opportunity plus "something else," such as repeated suggestions over time, appeals to personal friendship or sympathy, or appeals to romantic interest, then improper inducement may be found to exist.

United States v. Gamache, 156 F.3d 1, 6 (1st Cir. 1998)
United States v. Gendron, 18 F.3d 955, 961-62 (1st Cir. 1994)
United States v. Joost, 92 F.3d 7, 12 (1st Cir. 1996)

**Predisposition**

Just as with improper inducement, there is no precise formula or definition of predisposition. "In large part, predisposition turns on making a judgment as to how a defendant of a given character, background and behavior would have acted in somewhat different circumstances." In other words, how would the defendant respond if he were not improperly induced?

United States v. Acosta, 67 F.3d 334 (1st Cir. 1995)

In determining whether the government has proved beyond a reasonable doubt that a defendant was predisposed to commit a crime, you may consider (1) the character or reputation of the defendant; (2) whether the initial suggestion to sell the firearms was made by the Government; (3) whether the defendant agreed to obtain the firearms for profit; (4) whether the defendant showed reluctance to commit the offense, which was overcome by government persuasion; and (5) the nature of the inducement or persuasion offered by the government.

United States v. Gamache, 156 F.3d 1, 6 (1st Cir. 1998)

**Predisposition—Prior Record With Drugs Not Sufficient**

In evaluating whether Mr. Tejada-Pichardo was predisposed to commit this offense, you may consider his background and reputation. You have heard evidence that Mr. Tejada Pichardo allegedly delivered a small amount of drugs in August, 2005. You may consider this evidence in determining whether the government has proved beyond a reasonable doubt that Mr. Tejada-Pichardo was in fact predisposed to engage in a conspiracy to sell a controlled substance in December, 2006. However, I caution you that a prior accusation that Mr. Tejada sold drugs is not enough—by itself-- to conclude that Mr. Tejada was predisposed to engage in the offenses that are the subject of this indictment.

United States v. Acosta, 67 F.3d 334 (1st Cir. 1995) ("[Defendant's] prior record with drugs (drug dealing) would not be enough by itself"… to establish predisposition).

**Informant—Government Responsibility**

In this case, the government has utilized the services of an informant, who worked as a government agent. In deciding whether the government has proved beyond a reasonable doubt that Eudy Tejada-Pichardo was not improperly induced, I instruct you that the government is responsible for the conduct of its informant, even if government agents were not aware of the informant's conduct.

United States v. Glaum, 356 F.3d. 169 (1st Cir. 2004)

United States v. Brooks, 215 F.3d 842, 845 (8th Cir. 2000)

**Informant Credibility**

In evaluating the credibility of the informant or government agent in this matter, please keep in mind that in his dual role as both instigator and witness, the informant has a special capacity—as well as strong incentive—to tilt both the event itself and his testimony about it. You should therefore use special care when you examine the informant's testimony and demeanor and his credibility.
United States v. Acosta, 67 F.3d 334 (1st Cir. 1995)

In the case of (male informant), he received money and assistance with a visa in exchange for his help to the government. In the case of (female informant), she received money and leniency for her husband. In evaluating their credibility, you should consider the testimony of these people with particular caution. They may have had reason to make up stories or exaggerate what others have done in order to help themselves or to help a loved one.

First Circuit Pattern Instruction 2.07, with citations.

**Missing Witness**

During this trial you have heard the parties refer to a person named (insert name of subinformant). While this person worked as a cooperator for the government in exchange for leniency on behalf of her husband, and took part in events leading to the arrest of Mr. Tejada, the government has elected not to call this person as a witness. You have also heard that this witness refused to speak to counsel for Mr. Tejada, and that the government provided money to this witness to assist her in moving after disclosing her identity as a cooperator to the defendant.

I instruct you that, given that this witness is missing from this trial, you may presume that evidence she might have provided would have been unfavorable to the government.

United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002),

United States v. St. Michael's Credit Union, 880 F.2d 579, 597 (1st Cir. 1989).

**Defendant's Statement**
**Failure to Record**

In this case, you have heard evidence that the defendant gave a statement to Agent Naylor and Detective Perez, and that the government failed to record the statement. I instruct you that, where interrogating officers have chosen ***not*** to preserve an accurate and complete recording of the interrogation, that fact alone justifies skepticism of the officers' version of events, above and beyond the customary bases for impeachment of such testimony.

Commonwealth v. DiGiambattista, 813 N.E. 2d 516, 533 (2004) (holding that failure to electronically record a statement entitles defendant to cautionary instruction)