**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MOTION TO PRECLUDE**
**EXPERT TESTIMONY**

Now comes the defendant, Eudy Tejada, by and through counsel, and moves this honorable court to bar the proposed expert testimony of TFA Naylor or any other police "expert". In the alternative, Mr. Tejada asks this court to conduct a hearing to determine whether TFA Naylor's credentials are sufficient to permit him to offer expert opinion testimony pursuant to FRE 104(a), 701, 702, 703, 704. Specifically, the defendant submits that TFA Naylor's proposed testimony regarding (1) the meaning of alleged "code" words used by drug traffickers; (2) alleged "drug ledgers" seized in connection with drug arrests and the "significance" or meaning of such ledgers; (3) the tactics of law enforcement officers engaged in drug trafficking, including the use and control of informants, and (4) any other "expert" opinion referenced by the government in its discovery letters to the defendant or his codefendant.

The defendant relies on the accompanying memorandum in support of this motion.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on November 27, 2007.

/s/Thomas G. Briody

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE EXPERT TESTIMONY**

The government has noticed its intention to call "experts" on police issues, including drug trafficking practices, the packaging of narcotics, tactics used by police officers, surveillance techniques, alleged countersurveillance techniques, and the use of informants. The government has also notified the defendant of its intention to offer evidence about "code" language used by drug defendants, and apparently hopes to offer evidence as to the meaning of this "code." The government also intends to offer evidence concerning papers seized from cars in which the defendant drove, and will suggest that the papers are "drug ledgers." The government has specifically identified TFA Naylor as its expert, but has also noticed its intent to call other officers.

FRE 104(a) provides that an adverse party may question the qualifications of an expert, as well as the admissibility of evidence. FRE 702 permits expert testimony only where a court is satisfied that the evidence offered is based on reliable principles and methods. Further, the experts must reliably apply the principles and methods to the facts available in the case. FRE 703 requires that facts or opinions must be of a type

reasonably relied upon by experts in the particular field in forming opinions or inferences on the subject. Further, FRE 704 precludes experts from offering opinions about the mental state or condition constituting an element of the crime or a defense thereto. In the case at bar, the mental state of the defendant is obviously an element of the conspiracy and drug possession charges.

The government has failed to identify the "reliable principles and methods" on which its experts supposedly rely in support of their opinion. The defendant further submits that TFA Naylor's testimony is not helpful to the trier of fact because it is not the product of reliable principles and methods. Finally, the defendant submits that the government's experts have not reliably applied the principles and methods associated with their "expertise" to the facts of this case.

The court must conduct a "gatekeeping" function over the admission of evidence offered by experts. This function applies not only to scientific evidence, but to other, technical evidence. See Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). In reviewieng the validity of such evidence, the court must examine (1) whether the expert's theory or technique can or has been tested, or whether it is a subjective, conclusory approach; (2) whether the technique or theory has been subject to peer review or publication; (3) the known or potential rate of error; (4) the existence and maintenance of scientific standards or controls; and (5) whether the technique or theory is general accepted in the expert's field or community. See Daubert v. Merrell Dow Chemicals, 509 U.S. 579, 592-593 (1993). The use of police experts simply to offer summary testimony and conclusions about the government's case has been held to constitute error.

See United States v. Griffin, 324 F.3d 330 (5th Cir. (2003) (finding error in FBI agent's summary testimony to jury).

For all these reasons, as well as those that may be advanced at a hearing on this matter, Mr. Tejada asks that this motion be granted.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on November 28, 2007.

/s/Thomas G. Briody