**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

**MOTION TO CONTINUE TRIAL**
**AND REOPEN EVIDENTIARY HEARING**

1. Now comes the defendant, Eudy Tejada, by and through counsel, and moves this honorable court to continue his trial, said trial presently scheduled to commence on December 10, 2007. Defendant further moves to reopen the evidentiary hearing into the conduct of the female subinformant, and specifically her relationship with Lisa Torres.
2. As grounds for this motion, the defendant notes that late on the evening of December 5, he was contacted by George West, counsel for Ricardo Mejia. Mr. West advised that the government had just faxed information pertaining to the location of the female subinformant's telephone on December 18, 2006.
3. On the morning of December 6, counsel retrieved a faxed copy of a letter from the government. The government advised that cellular telephone records show that "the female informant's personal cellular telephone was used to place several telephone calls to Task Force Agent Mike Naylor's cellular phone between 7:12p.m. and 8:23 p.m."
4. In fact, records sent along with the government's letter establish five telephone calls between the female informant's personal cellular phone and TFA Naylor's phone.

5. The female informant has previously denied having any contact with Lisa Torres on the evening of December 18, 2006. She has testified under oath that she frequently left her personal phone with a babysitter, at home.

6. The information produced by the government establishes what the defendants have long suspected—that the female informant had her personal phone with her on the evening of the arrest.

7. This information suggests that the female informant was untruthful in her testimony before this court. It further suggests that the female informant was not truthful in statements made to TFA Naylor.

8. Defense counsel has spent the past week preparing for trial. Based on rulings made by this court, counsel has committed to a theory of the case and to trial preparation that did not rely on cellular telephone conversations between Lisa Torres and the female informant.

9. This new information substantially changes the defendant's view of the evidence. Given its late disclosure, after empanelment, and on the eve of trial, the remedy is a continuance.

10. The court's prior hearing on the telephone record issue was limited in scope. In light of the new information produced by the government, the court should reopen that hearing.

11. The late disclosure of this information comes as a surprise to the defense. It is particularly surprising since the evidence that tends to undermine the female informant's testimony comes in the form of ***calls to the case agent***. The case agent was present for the female informant's testimony on November 19. He said nothing that contradicted the female informant's testimony. Nevertheless, the government did not disclose this information until December 5, just 5 days before trial is scheduled and after a jury has been impaneled. It is difficult to understand how the government could fail to discover and disclose this information in a more timely manner.

12. This morning the undersigned counsel received a telephone call from Miriam Conrad, counsel to Lisa Torres. Ms. Conrad expressed concern about the subpoenae presently outstanding that relate to records of her client. However,

Ms. Conrad is in Hong Kong on business with a prisoner transfer issue. She expressed a desire to be heard before any records are disclosed to any party in this case, including the U.S. Attorney. She asked the undersigned counsel to convey this message to the court. She will not return to Boston until early on Saturday, December 8, 2007.

13. The defense needs time to assess this information. The primary remedy in light of late disclosure of exculpatory evidence is a continuance. See United States v. Osorio, 929 F.2d 753 (1st Cir. 1991). A defendant's claim that he is unfairly surprised is severely undermined if not entirely undone by neglecting to ask the district court for a continuance. United States v. Diaz- Villafane, 874 F.2d 43, 47 (1st Cir.) cert. denied, 110 S.Ct. 177 (1989).

14. Defendant is not responsible for this situation. But he needs time to reassess trial strategy. Further, this court is faced with very limited information about the role Lisa Torres played in communicating with the female informant on the night of the defendant's arrest. The court should conduct further inquiry, given the disclosure of evidence that suggests that the female informant was not truthful in her testimony on November 19.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on December 6, 2007.

/s/Thomas G. Briody