**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR 07-005S** |
| | : | |
| **EUDY TEJADA-PICHARDO a/k/a** | : | |
| **Enoc Soto** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE**

The government objects to the defendant's motion for a continuance. The defendant alleges late disclosure of exculpatory information that affects case preparation, although he is not specific as to how his case preparation has been impacted. The defendant still has ample time, without a continuance, to prepare his witness examination based upon the evidence.

In October 2007, in response to a motion for exculpatory evidence, the government reviewed telephone records of the female informant for contacts with telephones believed to be used by Lisa Torres. On October 11, 2007, the government disclosed a log of telephone calls between telephones believed to be used by Lisa Torres and the female informant's cellular telephones.

On November 19, 2007, the Court allowed the defendant to examine the female informant regarding those telephone calls. On that day, the female informant testified that she did not remember speaking with Lisa Torres on the evening of December 18, 2006. When asked whether she had her personal cellular phone

with her, she testified that she did not remember. She also testified that she believed that she left her personal cellular telephone with the babysitter. (Hearing, November 19, 2007, Tr. p. 15, 19, 26).

At the conclusion of the hearing, the defense asked the government to produce GPS and cell site data. The government focused its efforts on obtaining that information, but learned that it no longer existed. Next, defense counsel asked for information regarding roaming charges. The government once again contacted the telephone company and this time learned that there were no roaming charges. On December 4, 2007, the government provided the defendant with a redacted copy of the female informant's personal cellular phone record reflecting that there were no roaming charges. On December 5, 2007, while reviewing the telephone records the government noticed that the female informant's cellular telephone called TFA Naylor several times on the evening of December 18, 2006. The government immediately faxed this information to the defendant.

The possible impeachment value of the location of the cell phone did not become an issue until November 19, 2007 when the female informant testified. As soon as the government identified the telephone calls to TFA Naylor with regard to whether the female informant had actual possession of her telephone on

December 18, 2006, the government disclosed this impeachment information.

Trial is not for another four days allowing the defendant ample time to prepare any direct and/or cross-examination involving this one additional fact. Under such circumstances, a continuance is not warranted. See United States v. Perez-Ruiz, 353 F.3d 1, 8 (1st Cir. 2007) (disclosure of records 36 hours prior to trial did not justify continuance).

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On December 6, 2007, I caused the within "Government's Response to Defendants' Motion to Continue" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Thomas G. Briody, Esquire
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov