IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| USA | CRIMINAL ACTION 07-005S |
| VS. | NOVEMBER 19, 2007 |
| EUDY ANTONIO TEJADA-PICHARDO and RICARDO MEJIA | PROVIDENCE, RI |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH
DISTRICT JUDGE
(CONTINUATION OF DEFENDANTS' MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE)

APPEARANCES:

FOR THE GOVERNMENT: SANDRA BECKNER, ATTY.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT EUDY TEJADA-PICHARDO: THOMAS G. BRIODY, ESQ.
91 Friendship Street
3rd Floor
Providence, RI 02903
(401) 751-5151

FOR THE DEFENDANT RICARDO MEJIA: GEORGE J. WEST, ESQ.
One Turks Head Place
Suite 312
Providence, RI 02903
(401) 861-9042

Court Reporter: Anne M. Clayton, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

Q. Did you have your personal telephone with you?
A. I don't remember.
Q. You don't remember? Is it possible that you did?
A. No.
Q. It's not possible?
A. No.
Q. So is it your testimony that you did not have your personal Cingular telephone with you when you drove from Lawrence, Massachusetts to Providence, Rhode Island on the evening of December 16th (sic), 2006?
A. No.
Q. Do you know where you left the phone, ma'am?
A. I used to leave it -- when I used to go out like far, I used to leave it to the babysitter in case of anything, because I didn't have a house phone.
Q. You left it with a babysitter?
A. I believe so.
Q. To your knowledge, did the babysitter know Lisa Torres?
A. Yes.
Q. What was the babysitter's name?
A. Leidy Baez.
Q. Is it your testimony that you had no telephonic contact with Lisa Torres on the night of the arrest?
A. Yes.

claim had your cellphone on the night of 18th, your personal Cingular cellphone?
A. Yes.
Q. Okay. You seem to be saying that with more certainty now. Are you now more certain that she had the phone, or are you still unclear about who had the phone?
MS. BECKNER: Objection. Asked and answered.
THE COURT: Overruled.
A. Would you repeat the question, please.
THE COURT: Go ahead.
Q. Are you now more certain that Leidy Baez had the phone, or are you still unclear whether she had the phone or you had the phone?
A. I don't recall.
Q. You don't recall at all now?
A. No. I don't remember if she had it or not. But when I used to leave the house and I was going away far, I used to leave the phone all the time in the house.
Q. How frequently did she babysit for you?
A. Every day.
Q. She was your daily babysitter?
A. Yes.
Q. Over what period of time?

A. No.
Q. You said you left at eight o'clock at night?
A. From Lawrence, not from my house.
Q. Okay. When did you leave your house?
A. Approximately like around three o'clock.
Q. Three o'clock? So it's fair to say the phone calls on here from number one through at least number seven were your own phone calls; is that correct, or the phone calls that you received, because you had the phone?
A. No.
Q. You didn't have the phone?
A. I did have it, but I don't remember talking to her at that time. I only spoke to her in the morning.
Q. Okay. Now, Ms. Perez, you can look down this list, and it's clear to you, is it not, that there's not one single overlap in the use of the telephones between one phone and the other phone. They're all sequential. Do you see that?
A. Yes.
Q. Doesn't that strike you as a bit odd that never once that your friend in a remote location without contact with you was on a telephone at intervals separate from your use of the DEA telephone? Doesn't that strike you as odd?

C E R T I F I C A T I O N

I, Anne M. Clayton, RPR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

Anne M. Clayton

Anne M. Clayton, RPR

Nov. 28, 2007

Date