IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA**
**Plaintiff**

**vs.** **CR. 2007-005-S-LDA**

**EUDY TEJADA-PICHARDO**
**Aka Enoc Soto and**
**RICARDO MEJIA**

## REPLY MEMORANDUM TO GOVERNMENT MOTION IN LIMINE (DOCUMENT 188)

The government moves to preclude examination of any witness concerning the indictment of Lisa Torres and John M. Cicilline, or the presentation of any evidence relating to that case. The defendant has previously filed a memorandum regarding this issue under seal to the court. However, the defendant seeks to respond to the certain arguments made by the government.

First, the government characterizes the indictment of Lisa Torres (hereafter the Torres Indictment) as one that accuses her solely of "corrupting the judicial process by selling cooperation and lying to a federal prosecutor; she is not indicted for engaging in entrapment-like conduct." Govt. Mem., p. 7. The government's characterization is incomplete. Joseph Bevilacqua, Juan Giraldo, Lisa Torres and John Cicilline are indicted for conspiring to manufacture a crime, and then fraudulently attempting to obtain credit for this crime for third parties.

The Torres Indictment alleges that in 2004, defendants in the Torres indictment discussed efforts by Juan Giraldo to arrange at least two "busts" for trafficking in

marijuana. These arranged drug arrests were created, it appears, to obtain leniency for two individuals who hired Joe Bevilacqua and John Cicilline to represent them. The indictment specifically alleges that Juan Giraldo "went down to Mexico… to initiate something else for (the clients)… There's supposed to be another load, maybe a thousand pounds coming up. That's going to be given credit for (the clients)." Torres Indictment, p. 9. The government overlooks these facts, facts that bear a striking resemblance to Mr. Tejada's case.

Lisa Torres was a close friend of the female subinformant, close enough that the female subinformant was waiting to pick Ms. Torres up at Logan airport at the time of Ms. Torres's arrest. The female subinformant's husband was represented by John Cicilline, a codefendant of Ms. Torres. Mr. Tejada contends that the female subinformant initiated the drug transaction for which he is now indicted, and that she overbore his will to induce him to participate in the transaction. In essence and in fact, the female subinformant manufactured a crime. Within weeks of Mr. Tejada's arrest, Lisa Torres was identified as a codefendant in a conspiracy to obstruct justice, a conspiracy in which another co-conspirator procured drugs. This information is critical for the jury to understand the background of the government's investigation in this case, and to corroborate the defendant's theory that Lisa Torres mentored the female subinformant.

Second, the defendant notes the government's characterization of his statement to Agent Naylor, saying that he "confessed." This is simply not accurate. Mr. Tejada told Agent Naylor that he was receiving $500 to transport contraband to Rhode Island. This is hardly a confession; it is instead a statement that is consistent with Mr. Tejada's claim

that he was entrapped. Further, the government overlooks yet again that the agents did not record the interview, and that Agent Naylor does not speak Spanish. The fact that a police officer says that something happened does not make it so.

Finally, the government claims that "there is no evidence that the defendants were improperly induced into committing the charged offenses." Govt. Motion, p.9. This court is aware via proffers made by Mr. Tejada's counsel of the nature of the inducement of the defendant. The defendant submits that these facts are powerful evidence of inducement of Mr. Tejada, and well warrant an instruction on entrapment. Given the intense nature of the relationship between the subinformant and Ms. Torres, it is inconceivable that they did not discuss Mr. Tejada.

For all these reasons, and those expressed in previous memoranda, this court should deny the government's motion in limine.

/s/ Thomas G. Briody
R.I. Bar no. 4427
The Remington Building
91 Friendship Street
Third Floor
Providence, RI 02903
(401) 751-5151
(401) 421-0876 (facsimile)
Tbriodylaw@aol.com

The undersigned certifies that this motion was filed electronically and distributed to all parties via the ECF system on January 9, 2008.

/s/Thomas G. Briody